Bernard S. Meyer, J.
Petitioner seeks to obtain possession of guns and other equipment taken from his apartment by the Long Beach Police when on August 9, 1963, he was removed to the hospital after having been stabbed by his wife. Also taken at the same time were three pellet pistols, some rifle powder and ammunition. Petitioner acknowledges that a permit is required for the pistols and does not seek their return. The Police Department states that the powder was in excess of the legal amount and the ammunition unsafe and that those items were, therefore, destroyed. What authority the Police Department had to destroy these items does not appear, but petitioner does not press his claim to them. He seeks only the return of hunting rifles, gun cases and a powerseope.
While the proper procedure is an action in replevin, the city expressly waives the procedural improprieties of this proceeding. It suggests, however, that petitioner’s emotional instability and a prior conviction on the charge of felonious possession of a pistol show petitioner to be unfit to possess lethal weapons. By chapter 277 of the Laws of 1964 there were added to the Penal Law, effective July 1, 1964, provisions (§ 1896, subds. 11, 12) under which a rifle or shotgun may be taken from a person *993 previously confined to a mental institution when the director of the institution certifies to the police that the person is not suitable to possess a rifle or shotgun. Emotional instability alone is not, under existing statutes, a sufficient ground for withholding possession of the rifles.
The same chapter, however, added subdivision 6 to section 1897 of the Penal Law. That subdivision provides: “ Any person who has in his possession a rifle or shotgun and who has been convicted anywhere of a felony * * * is guilty of a misdemeanor.” That provision does not apply if “ a certificate of good conduct has been issued pursuant to section two hundred forty-two, subdivision three of the executive law ” (Penal Law, § 1900, subd. a, par. 4). The reply affidavit presented by petitioner does not put in issue his conviction of a felony or show that a certificate of good conduct has been issued. Possession of the rifles by petitioner would constitute a misdemeanor, and the court will, therefore, deny the application except as to the powerscope and gun cases.